# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 24-2310

———————————————

United States of America,

*Plaintiff - Appellee*,

v.

Antonio Marshall, also known as Tony Quick Bear,

*Defendant - Appellant.*

——————————

Appeal from United States District Court
for the District of South Dakota - Central

——————————

Submitted: March 17, 2025
Filed: May 14, 2025
[Unpublished]

——————————

Before COLLOTON, Chief Judge, ERICKSON and GRASZ, Circuit Judges.

——————————

PER CURIAM.

A grand jury charged Antonio Marshall with unlawful possession of a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). He moved to dismiss the indictment on the ground that the statutory prohibition violates his right to keep and bear arms under

the Second Amendment. The district court[*] denied the motion, and Marshall pleaded guilty pursuant to a conditional plea agreement that reserved his right to appeal the denial of his motion to dismiss. The court sentenced Marshall to twenty-six months' imprisonment, to run concurrently with a previous sentence, and three years of supervised release.

Marshall contends on appeal that § 922(g)(1) is unconstitutional on its face and as applied to him in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). He asserts that the Second Amendment guarantees his right to possess a firearm, despite his status as a thrice-convicted felon, because none of his prior offenses qualifies as a "violent" offense. As Marshall concedes, however, his arguments are foreclosed by circuit precedent. *See United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024) ("[T]here is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant."); *United States v. Jackson*, 110 F.4th 1120, 1126 (8th Cir. 2024) (holding that § 922(g)(1) is constitutional on its face and as applied to "convicted felons" after *Bruen*), *petition for cert. filed*, (U.S. Feb. 10, 2025) (No. 24-6517).

The order denying the motion to dismiss and the judgment of the district court are affirmed. The government's motion to supplement the record is denied.

_____

[*]The Honorable Roberto A. Lange, Chief Judge, United States District Court for the District of South Dakota.